NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUNE KRAFT, | No. 21-15653 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05697-JJT |
| v. | |
| GAINEY RANCH COMMUNITY ASSOCIATION; KAREN EPSTEIN; JIM FUNK; CHARLENE A. CRUZ; MAUREEN MARTHA CONNOLLY; MARION ELIZABETH MULCAHY; PAIGE ELIZABETH MARKS; LAUREN VIE; DOES, 1-10, Inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted June 15, 2022[**]

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Rune Kraft appeals pro se from the district court's judgment in his action

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Puri v.

Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017).  We affirm.

The district court properly dismissed Kraft's action because Kraft lacked

standing to bring his action under RICO.  *See Canyon County v. Syngenta Seeds,

Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) ("To have standing under § 1964(c), a civil

RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his

business or property; and (2) that his harm was 'by reason of' the RICO violation,

which requires the plaintiff to establish proximate causation."); *see also Ashcroft v.

Iqbal*, 556 U.S. 662, 681 (2009) (conclusory allegations are not entitled to a

presumption of truth).

The district court did not abuse its discretion in denying Kraft's post-

judgment motion for relief because Kraft failed to demonstrate any basis for relief.

*See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (setting

forth standard of review and discussing factors for granting a motion for

reconsideration under Rule 59(e)).

21-15653

We reject as meritless Kraft's contentions that the district court should have issued subpoenas, should have made factual findings, did not comply with the Federal Rules of Civil Procedure, and erred in concluding defendants were entitled to seek attorney's fees.

**AFFIRMED.**